## Shenk's Appeal.

A judgment confessed in favour of a firm to secure future advances, may, on the withdrawal of one of its members, by agreement of the parties, remain a valid security in the hands of the remaining partners.

Payments made to the remaining partners will, in equity, be credited to advances made by them, and not to the balance due at the dissolution of the former partnership; notwithstanding that the account has been continued, without change, on the books of the new firm.

APPEAL from the Common Pleas of *Lancaster county.*
This was an appeal by Christian Shenk from the decree of the

court below, distributing the proceeds of a sheriff's sale of the real estate of Benjamin Hess.  The appellant was the purchaser at the sheriff's sale, and the balance of the purchase-money remained in his hands, it being agreed that it should be considered in court for purposes of distribution.

The auditor reported that, on the 28th August 1851, Benjamin Hess confessed judgment in favour of Charles Acheson, John Rommell, and Samuel Fry, in company, in $10,000, to secure the plaintiffs in any and all acceptances and endorsements which already existed, or which might thereafter exist, not exceeding in the whole $10,000; and if, at any time, any such drafts or endorsements, or acceptances, executed by plaintiffs for the benefit of defendant, should become due and unpaid, then execution to go to secure all such liabilities as above described.

The firm of Acheson, Rommell & Fry continued until between the 9th and 19th January 1854, when it was changed by Fry retiring, and Acheson and Rommel purchasing his interest in the partnership.  The dissolution was advertised.  On the 19th January 1854, Hess was indebted to Acheson, Rommel & Fry in the sum of $10,359.04 for advances by acceptance or endorsement.  No change was made in the books of the firm, but they were continued without alteration, as if Fry had not retired.

The continuing firm of Acheson & Rommell, from that time, until the 8th March 1855, made advances to Hess, charging him as before, in the old account, with drafts drawn upon them, and crediting him with cash and the produce of goods consigned to them.  No change was made in the account from 1851 to 1855; it was an open running account, with balances struck at intervals.  In March 1855, Hess was indebted, on this account, to Acheson & Rommell, in $4647.21.

The judgment given by Hess was entered up by Acheson & Rommell, on the 7th December 1854, after the dissolution, and was the first lien on the defendant's real estate.  Hess immediately and repeatedly requested the plaintiffs, by letter, to remove this judgment, as it affected his credit; and on the 16th July 1855, requested from them a further advance of $1500, adding that they need not be afraid, as the judgment was on his property, which was worth double.

On the 8th March 1855, when the last advances were made to Hess by Acheson & Rommell, there were no other judgments against him.  On the 2d April 1855, Jonas Hamish obtained a judgment against Hess for $600, which was satisfied; and the first unsatisfied judgment against him was one in favour of Christian Shenk, the appellant, for $2000, entered on the 10th August 1855.

The court below decreed payment in full of the balance due to Acheson & Rommel, with interest to the 1st April 1858, amounting to $5496.11; and the remainder of the fund, $1738.35, to be

[Shenk's Appeal.]

appropriated in part payment of the appellant's judgment. From this decree the present appeal was taken.

*Stevens* and *Dickey*, for the appellant.—The judgment given to Acheson, Rommel & Fry, to secure them as a firm for advances to be made to Hess, did not cover advances made by Acheson & Rommel, who were a different and distinct firm: Ter Hoven *v.* Kerns, 2 *Barr* 98; *Story on Part.* §§ 245–7. Besides, the evidence showed that nothing was due on this judgment. The copy of the entries taken in full, from the books of Acheson, Rommel & Fry, and the books of Acheson & Rommel, given in evidence below by the defendants and attached to the record, show a continuous running account of debit and credit items. The successive payments or credits applied to the discharge of the items of debt antecedently due in the order of time, as they stand in the account, and balances struck from time to time, show actual appropriation by Acheson & Rommel of the several payments made by Hess to the discharge of the balance due the firm of Acheson, Rommel & Fry, and the extinguishment of such balance, long prior to the sale of Hess's real estate by the sheriff. If no such appropriation had been made, the law would have made such appropriation: *Story's Eq.*, 459 a; 3 *W. & S.* 328; *Collyer on Part.* 547–8, 553. That interest cannot be allowed upon a judgment out of the proceeds of a sheriff's sale, accruing after such sale, and whilst the money is in court and being distributed, we think it is so clear and well decided, that it only could have been permitted by the court below, by overlooking that exception to the auditor's report.

*Franklin*, *Shaeffer*, and *Neff*, for the appellees.—Acheson & Rommel were the purchasers of the judgment confessed to Acheson, Rommel & Fry, and had a right to enforce it in the names of the legal plaintiffs for their use: Commonwealth *v.* Lightner, 9 *W. & S.* 118; Armstrong *v.* The City of Lancaster, 5 *Watts* 68; Stoner *v.* Commonwealth, 4 *Harris* 389, and Kidd *v.* Commonwealth, *Id.* 426; Commonwealth *v.* Shuman's Administrators, 6 *Id.* 346. The use of this judgment (given originally to Acheson, Rommel & Fry), by Acheson & Rommel, as a security for advances made by them to Hess, was recognised and expressly assented to by him; and none of the judgment-creditors objecting to its payment, had any lien when these advances were made.

The question of interest we consider at rest. Christian Shenk, the judgment-creditor, entitled to payment next after Acheson & Rommel, and the appellant in this case, became the purchaser of the property of Benjamin Hess at sheriff's sale, and still continues to hold the same. It will be observed, that by an agreement noted among the docket entries in the case, the money

[Shenk's Appeal.]

arising from that sale and to be distributed here, was not actually paid into court, but was by that agreement considered in court. The auditor upon the facts, has found that it should bear interest, being in the hands of, and used by Shenk ever since the sale. He has found that to have been the agreement, and we do not think his finding can be disturbed.

The opinion of the court was delivered by

LOWRIE, C. J.—It was quite right in the court to confirm the auditor's report. The equity of the claim of Acheson & Rommel is very clear. If their opponents want strict law, then we start with a judgment of Acheson, Rommel & Fry against Hess for $10,000, and they have to show that this was paid, wholly or partially, or that in equity it is wholly or partially discharged. In strict law there has been no payment, and there was none intended to be. The relief against the judgment, if improperly used for its legal amount, belongs to equity.

Now, Hess's creditors have no more right to relief than Hess himself, and he has no more than is allowed in the auditor's report. He owed the firm, when Fry left it, over $10,000. Has he any equity to claim that all this is paid, and that the judgment to secure it is discharged by reason of his subsequent dealings with Acheson & Rommel? Not at all; for all those dealings were manifestly continued on the basis of the judgment-bond. And if this did not appear, it would be quite equitable to apply the payments made to Acheson & Rommel, to the debts due to them and not secured, rather than to the debt due to Acheson, Rommel & Fry, which was secured.

Decree of distribution affirmed at the costs of the appellant, and the cause is remitted to the Common Pleas.